WO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cesar Millan-Osuna, | No. CV-25-04019-PHX-MTL (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging his immigration detention. (Doc. 1.) Petitioner also filed an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. The Court denied the request for ex parte relief and ordered expedited briefing of the Petition and Motion for Preliminary Injunction. (Doc. 5.) The Petition and Motion are fully briefed. (Docs. 7-8.) For the reasons that follow, the Petition is granted, and Respondents must either release Petitioner from custody or provide a bond hearing within ten days.

**I.  Background**

Petitioner is a citizen of Mexico who entered the United States without inspection in 2001. (Doc. 1 at 6.) On September 5, 2025, Petitioner was arrested and taken into custody by ICE. (Doc. 9-1, Embernate Decl. ¶ 5.) Petitioner's Notice to Appear indicates he is an alien present in the United States who has not been admitted or paroled and lacks valid admission documents. (*Id.* ¶¶ 7, 10.) On October 9, 2025, Petitioner requested a custody redetermination before an Immigration Judge, but his request was denied on the

grounds that the Immigration Court lacked jurisdiction because DHS had classified him as subject to mandatory detention under § 1225(b)(2).  Respondents assert that noncitizens present without admission are subject to mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are deemed "applicants for admission."  (Doc. 7 at 3-4.)

In the Petition, Petitioner argues his detention without bond violates the language of 8 U.S.C. §§ 1225 and 1226; argues his detention also violates 8 C.F.R. § 1003.19, which does not preclude immigration judges from granting bond to individuals present in the United States without being admitted; and challenges his detention on due process grounds. (Doc. 1 at 16-17.)  Petitioner requests release from custody or an order directing an Immigration Judge to conduct a bond hearing under 8 U.S.C. § 1226(a).

**II.     Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226**

Respondents state they "are aware of a prior ruling in this District that rejected a similar argument. *See Echevarria v. Bondi*, 2:25-cv-03252-DWL-ESW (D. Ariz. Oct. 3, 2025).  Respondents respectfully maintain their position that a person is an "applicant for admission" until an immigration official has inspected that person and determined that they are admissible into the United States."  (Doc. 7 at 4.)

Among other things, Respondents contend that *Echevarria* did not "consider other pieces of statutory context." (*Id.*)  The Court respectfully disagrees, as *Echevarria* contains an extensive discussion of the statutory context.  *Echevarria*, 2025 WL 2821282 at *5 ("Although [Respondents'] approach has surface appeal, the Court perceives at least two problems with it: first, it ignores some of the additional requirements imposed by § 1225(b)(2)(A); and second, it fails to account for the broader statutory scheme, particularly in light of how that broader scheme has been interpreted by the Supreme Court."); *id.* at *7 ("Putting aside these textual problems with Respondents' position, Respondents' narrow focus on § 1225(a)(1) also ignores the complexities of interpreting the INA, a dense statute . . . which must be interpreted against the backdrop of our constitutional principles, administrative law, and international treaty obligations.  Divining

its meaning is ordinarily not for the faint of heart. To that end, in determining whether Congress has specifically addressed the question at issue, the court should not confine itself to examining a particular statutory provision in isolation. Rather, it must place the provision in context, interpreting the statute to create a symmetrical and coherent regulatory scheme.") (cleaned up). Nothing in Respondents' brief persuades the Court that this analysis was mistaken.

The Court is aware of several decisions adopting Respondents' argument. *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657, at *1 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913, at *2 (D. Mass. July 28, 2025). But it is unsurprising that judges across the country are not in full agreement on how this issue should be resolved. It is also fair to note that Respondents' view represents the minority position—in the weeks since Judge Lanza considered the issue in *Echevarria*, dozens of other courts have reached the same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others now including this court have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up). Having reviewed the recent decisions adopting the minority view, the Court agrees with the conclusion reached

by Judge Lanza in *Echevarria*. For these reasons, the Petition is granted as to Counts One and Three, and Petitioner must receive a bond hearing under 8 U.S.C. § 1226(a).[*]

**IT IS THEREFORE ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Count One and Count Three**. The remainder of the Petition is denied as moot.

2. Respondents must provide Petitioner a bond redetermination hearing within **ten days** or release him from custody under the same conditions that existed before his detention.

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.

4. All remaining motions are denied as moot.

5. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 26th day of November, 2025.

Michael T. Liburdi
United States District Judge

---

[*] Because the Court grants relief on Counts One and Three, it will deny the remainder of the Petition as moot.

- 4 -